United States Courts
Southern District of Texas
FILED

JUL 1 4 2010

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION § <br> OF THE UNITED STATES OF AMERICA § <br> FOR AN ORDER AUTHORIZING THE § <br> USE OF A PEN REGISTER AND TRAP § <br> AND TRACE DEVICE AND AUTHORIZING § <br> RELEASE OF SUBSCRIBER AND OTHER § <br> INFORMATION § | MAGISTRATE NO. H-10-657M <br> **UNSEALED** <br> **PER ORDER** <br> dated 7/14/10 |

### ORDER

Before the Court is an application by the Government seeking an order pursuant to Title 18, United States Code §§ 3122 and 3123, authorizing a pen register and a trap and trace device and access to customer records pertaining to a cellular telephone currently assigned telephone number (832) 487-5948, International Mobile Subscriber Number (IMSI) 316010167249992, and Urban Fleet Identifier (UFMI) 143*578*13061 (the "Target Device"). The Target Device is serviced by Sprint Nextel and subscribed to by Aurora Valle, 1326 Antoine, Houston, TX, 77055 and believed to be used by Javier LNU, a.k.a. Don Javier.

The Court finds that the applicant, an attorney for the Government, has certified that the information likely to be obtained by the pen register and trap and trace device is relevant to an ongoing criminal investigation conducted by the Drug Enforcement Administration into possible violations of 21 U.S.C. §§841, 846, and 952 by Javier LNU, a.k.a. Don Javier, and others.

The Court also finds that the Government has offered specific and articulable facts showing reasonable grounds to believe that the customer information described below is relevant and material to an ongoing criminal investigation. The Court further finds reason to believe that customer notification of the existence of this order may seriously jeopardize an ongoing investigation, or result in the destruction or tampering of evidence, or result in the target's flight from prosecution.

Accordingly, it is ORDERED that the application be granted to the following extent:

1. **Pen register authority.** Agents of DEA are authorized to install and use a pen register device or process to record or decode dialing, routing, addressing, or signaling information,* including dates and times, for outgoing calls from the Target Device for a period of sixty days after the entry of this Order;

2. **Trap and trace authority.** Agents of DEA are authorized to install and use a trap and trace device or process to capture the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information* reasonably likely to identify the source of incoming calls to the Target Device for a period of sixty days after the entry of this Order;

3. **Subject parties.** Sprint Nextel and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of this Order, are directed to furnish agents of DEA all information, facilities, and technical assistance necessary to install and operate the pen register or trap and trace device unobtrusively and with a minimum of service interference;

4. **Subject telephone.** This authorization applies to the Target Device and all telephones subsequently assigned the same telephone number, electronic serial number (ESN), Mobile Identification Number (MIN), Subscriber Identity Module (SIM), International Mobile Subscriber Identifier (IMSI), cable pair, or binding post as the Target Device for the duration of this Order;

---

\* Including such information transmitted over the provider's network by a two-way radio feature such as Nextel's "Direct Connect/Direct Dispatch," Verizon Wireless's "Push-to-Talk," or Sprint's "Ready Link."

5. **Ongoing service provider obligations.** For the duration of this Order, Sprint Nextel is directed: (a) to furnish the results of the pen register and trap and trace device in electronic format at reasonable intervals during regular business hours; (b) to notify DEA of any change in service to the Target Device, and (c) not to terminate or restrict service to the Target Device without prior notice to DEA affording the opportunity to assume financial responsibility for continuing the service;

6. **Customer records.** Sprint Nextel shall disclose to agents of DEA the following customer records pertaining to the Target Device in their possession as of the date of this Order:

    A.    customer or subscriber name;

    B.    address;

    C.    local and long distance telephone connection records for the 60 day period immediately preceding this Order, including numbers dialed, incoming numbers, call duration, and cell site data showing the geographical location-of cell towers used by the Target Device, signal strength information (direction and distance from a particular cell tower), and a listing of all control channels and their corresponding cell sites;

    D.    length of service (including start date) and types of service utilized;

    E.    telephone or instrument number or other subscriber number or identity;

    F.    means and source of payment for such service (including any credit card or bank account number);

    G.    for incoming and outgoing numbers identified in C, the customer information described above in A, B, D, and E, if known.

7. **Compensation.** DEA is to reimburse Sprint Nextel and any other person or entity furnishing facilities or assistance for reasonable costs incurred in complying with this order, other than the cost of providing telephone toll records and listings;

**8. Sealing and non-disclosure.** This order and application are to remain sealed for 180 days after entry of this Order; while this Order remains sealed, all service providers, persons, and entities obligated to provide assistance are directed not to disclose the existence of the pen register, trap and trace device, investigation, or this Order to the listed subscriber or any other person.

Signed at Houston, Texas on July 14, 2010.

Stephen Wm. Smith
United States Magistrate Judge